UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG ALAN SANFORD,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br>Defendant. | CASE NO. 2:16-cv-1944 RSM-JRC<br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br>NOTING DATE: December 15, 2017 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 13, 17, 18).

According to Social Security Ruling 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR

96-6p, 1996 LEXIS 3 at *4. Although often relied on heavily, the opinion from the state agency physician, Dr. Norman Staley, M.D., in this matter was rejected in part by the ALJ. Committing legal error, the ALJ did not reference specific medical evidence when failing to credit fully the medical opinion of Dr. Staley that plaintiff was limited only to occasional handling, fingering, and reaching in front and laterally. Even if the Court were to presume that the ALJ was relying on findings discussed by defendant, the ALJ's rationale still is not based on substantial evidence in the record as a whole.

Therefore, after considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence, and that this matter should be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, CRAIG ALAN SANFORD, was born in 1970 and was 42 years old on the amended alleged date of disability onset of July 25, 2012 (*see* AR. 12, 37, 250-56, 257-63). Plaintiff has at least a high school education (AR. 25). Plaintiff has work experience in purchasing, receiving, stocking, materials manager and warehouse clerking (*see* AR. 289-300).

According to the ALJ, plaintiff has at least the severe impairments of "spine disorder, disorder of muscle ligament and fascia, affective disorder, anxiety disorder, substance addiction disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c))." (AR. 15.)

At the time of the hearing, plaintiff was living with his father (AR. 42).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 101,102, 129-130). Plaintiff's requested hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on July 28, 2015 (*see* AR. 33-73). On September 18, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-32).

On November 25, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in December, 2016 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on May 22, 2017 (*see* Dkt. 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred when she rejected medical opinions of plaintiff's physical limitations and when she failed to include appropriate limitations in the RFC assessment; and (2) whether the ALJ's finding that plaintiff can perform other work at step five is supported by competent or substantial evidence (*see* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether the ALJ erred when she rejected medical opinions of plaintiff's physical limitations and when she failed to include appropriate limitations in the RFC assessment.**

Plaintiff contends that the ALJ erred when evaluating numerous medical opinions. Dkt. 13, pp. 3-15. Defendant contends that the ALJ's evaluation of the medical evidence is supported by substantial evidence and free of legal error. Dkt. 17, pp. 2-16.

As noted by plaintiff, when assessing plaintiff's residual functional capacity ("RFC"), the ALJ "observed that Norman Staley, M.D., a state agency medical consultant, had reviewed plaintiff's file for the Commissioner and opined that plaintiff could work at the light level of exertion, with some additional limitations in postures and in tolerating cold, vibration, and hazards." Dkt. 13 (citing AR. 22 (citing AR. 140)). Dr. Staley, therefore, is a non-examining medical consultant. The ALJ gave significant weight to these particular limitations. However, the ALJ failed to credit fully "Dr.

Staley's suggestion [that] [plaintiff] is limited to occasional handling, occasional fingering, and occasional reaching in all directions." AR. 22.

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041). In addition, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion'") (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

First, plaintiff takes issue with the ALJ's finding that Dr. Staley opined that plaintiff is limited to "occasional reaching in all directions." *See* AR. 22. As noted by plaintiff, the record reflects that "Dr. Staley specified [that] plaintiff is limited in reaching with the left and right arm either in the front and/or laterally, to no more than occasionally (i.e., one third of a workday)." Dkt 13 (citing AR. 140). Indeed, the record reflects that when asked to rate plaintiff's manipulative limitations with respect to reaching, Dr. Staley indicated that plaintiff's manipulative ability to reach is limited, further specifying "Left in front and/or laterally [and] Right in front and/or laterally." AR. 140. Dr. Staley explained his reasoning: "Unspecified inflammatory arthritis in his

hands along with swelling and decreased ROM of the joints as well as his shoulder joints reduce bilateral reaching as well as handling and fingering manipulation to occasional." *Id.* at 141.

The reasonable and logical inference based on this record is that Dr. Staley opined that plaintiff was limited to reaching occasionally, specifically with respect to bilaterally, "in front and/or laterally." *See* AR. 140. Defendant's argument to the contrary is not persuasive. The Court further notes that if the ALJ found the record ambiguous regarding which particular manipulative limitations are opined by Dr. Staley, the ALJ had a duty to develop the record further. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))) (The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered'").

Regarding the portions of Dr. Staley's opinion that the ALJ failed to adopt, the ALJ found that the particular "limitations are inconsistent with the minimal and mild physical examination findings and the claimant's activities." AR. 22. Plaintiff argues that this finding is general boilerplate and does not satisfy the requirement that an ALJ, when failing to credit fully the opinion from a non-examining physician, provide "reference to specific evidence in the medical record." *Sousa*, 143 F.3d at 1244 (citing *Gomez*, 74 F.3d at 972). Plaintiff is correct that the ALJ fails to cite any specific evidence in the record to

substantiate the finding that Dr. Staley's opinions are inconsistent with the examination findings or plaintiff's activities, thus committing legal error. *See id*.

Even if the Court were to attempt to intuit what evidence the ALJ was relying on, and presume that the activities intended to be relied on include plaintiff's testimony that "he is able to drive" (AR. 17), an activity the ALJ subsequently appears to suggest may be inconsistent with reaching in front of his body, the activity of driving is not inconsistent with Dr. Staley's opinion that plaintiff was limited to reaching in front only occasionally. *Cf. Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"). On the page of the report prior to Dr. Staley's opinion regarding reaching, occasionally is defined as "cumulatively one third or less of an eight hour day." AR. 139. Although it is true that plaintiff testified he could drive, there is nothing in the record to indicate that this driving was more than one third of an eight hour day. *See* AR. 41. Plaintiff testified that he drives "infrequently," and that when he drives it is "usually to doctors' or psychiatric appointments," and occasionally to see a friend or go to the pharmacy or store. *Id*. Other activities of plaintiff noted by the ALJ include preparing meals, "heavy gardening work," and lifting and carrying. *See* AR. 16-17. The ALJ has not explained how they are inconsistent with bilaterally reaching in the front and laterally less than a third of an eight

hour work day. The ALJ has not pointed to any evidence demonstrating that plaintiff did any of these activities for hours at a time. To the contrary, plaintiff testified that his "friend lives maybe five blocks away from [where he picks up his medication]." AR. 43. Plaintiff also testified regarding a fence post installation that it "took about maybe, maybe a half an hour," in a day, and plaintiff "did have to stop and rest." AR. 60-61. Similarly, plaintiff testified that he mows/trims the edges of the yard, which takes "about 10 to 15 minutes." AR. 61. Because none of plaintiff's activities involved reaching, handling or fingering more than a third of an eight hour day, they are not inconsistent with Dr. Staley's opinions regarding limitations in reaching, handling or fingering only occasionally.

Therefore, not only is the ALJ's rationale for failing to credit fully Dr. Staley's opinion not specific, but also, it is not supported by substantial evidence in the record as a whole. The ALJ has not explained how any of plaintiff's activities are inconsistent with the limitations to occasional ("cumulatively one third or less of an eight hour day") handling, fingering and reaching to the front and laterally. AR. 139.

The ALJ also relied on a general finding of inconsistency between Dr. Staley's limitation on plaintiff's reaching, handling and fingering only occasionally and "minimal and mild physical examination findings." AR. 22. Although the ALJ does not specify any particular inconsistency, defendant argues that the ALJ pointed out elsewhere in her written decision that plaintiff sometimes demonstrated normal strength and reflexes, and demonstrated no swelling during some examinations. *See* Dkt. 17 (citing AR. 20, 357,

365, 492, 495, 508-09, 1033, 1037, 1124, 1182-83). However, first, it is not clear how strength and reflexes demonstrate an inconsistency with reaching, handling and fingering limitations. Similarly, the absence of swelling on some occasions is entirely consistent with plaintiff's testimony and allegations regarding intermittent swelling.

Perhaps more importantly, Dr. Staley provided his opinion regarding what limitations plaintiff would suffer with respect to completing a normal full-time work day/ work week on a sustained basis. *See, e.g.,* AR. 140 ("occasionally is cumulatively one third or less of an eight hour day"). Dr. Staley provided his opinions in a residual functional capacity analysis. *See* AR. 139. As noted by the Ninth Circuit, "Social Security Regulations define residual functional capacity as the 'maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." *Reddick v. Chater,* 157 F.3d 715, 724 (9th Cir. 1998)) (quoting 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c)) (emphasis added by the Ninth Circuit); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at *5. Therefore, the fact that sometimes plaintiff's swelling is reduced does not demonstrate any inconsistency with Dr. Staley's opinion regarding occasional handling, fingering and reaching on a sustained basis. *See id.; see also* SSR 96-6p, 1996 LEXIS 3 at *4 (state agency medical consultants "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act").

Second, Dr. Staley explained his reasoning for the opined limitations: "Unspecified inflammatory arthritis in his hands along with swelling and decreased ROM

of the joints as well as his shoulder joints reduce bilateral reaching as well as handling and fingering manipulation to occasional." AR. 141. Although the ALJ noted some instances in which plaintiff's swelling is mild or absent, as noted by plaintiff, there also are many instances in the record where plaintiff's swelling or ROM deficiency was reported or objectively verified by treatment providers. *See* Dkt. 13, pp. 6-7 (citing AR. 137 (12/11/2013 note of "bilateral wrist flexion reduced by several degrees . . . . Left second and third MCPs mild synovitis and tenderness, slight tenderness of the left second and third PIP joints . . . . Tenderness of bilateral MTP squeeze . . . . [Diagnosis]: Inflammatory polyarthropathy"), 491 ("on-going episodic pain and swelling both hands" on 9/11/2013), 1123-24 (on October 15, 2013, plaintiff reported that "fingers on right hand, fourth and fifth went numb; also left index finger doubled in size - stayed that way for 1.5 months," and the physician observed bilateral "wrist flexion reduced by several degrees" and moderate synovitis and tenderness in two fingers), 1132 (plaintiff was diagnosed with "inflammatory arthritis, bursitis," after reporting "three months of struggle with swollen painful left index finger" in June, 2013)). As Dr. Staley was providing an opinion of limitations in part based on swelling that is documented in the record regarding what plaintiff can do on a sustained basis, the fact that sometimes there was no swelling does not demonstrate an inconsistency with Dr. Staley's opinion.

Therefore, the ALJ's rationale for failing to credit fully Dr. Staley's opinion is not based on substantial evidence in the record as a whole. The Court also concludes that the error in the evaluation of the opinion from Dr. Staley is not harmless.

The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454 F.3d at 1055-56).

As noted by plaintiff, all of the jobs identified by the ALJ at step five that one with plaintiff's RFC could perform require the performance of handling and fingering frequently, which plaintiff would not be able to do if Dr. Staley's opinions on limitations on handling and fingering only occasionally are fully credited. *See* Dkt. 13, p. 17. In addition, as noted by plaintiff, the VE testified that "if the hypothetical individual was in fact, limited to bilateral reaching, handling, and fingering manipulation at the occasional level, the individual could perform none of the work identified at the hearing." *Id*. at 5 (citing AR. 69).

Based on the relevant record, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [Dr. Staley's opinion], could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout*, 454 F.3d at 1055-56). Therefore, this matter should be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

Similar to Dr. Staley, Ms. Denise Plaisier, PA-C, also opined that plaintiff would have some postural and manipulative limitations. *See* AR. 22, 613. Similar to the

treatment given to the opinion from Dr. Staley, the ALJ failed to fully credit these opinions from Ms. Plaisier on the basis that “they are not consistent with the claimant’s minimal examination findings or his activities.” AR. 22. At least regarding the manipulative limitations, the Court already has concluded that the ALJ has not demonstrated that such opined limitations are inconsistent with plaintiff’s examination findings or activities, *see supra*. Therefore, this other medical opinion evidence offered by Ms. Plaisier should be evaluated anew following remand of this matter.

The ALJ offered the same general reason for failing to credit fully the medical opinion from plaintiff’s treating physician, Dr. Jeremy Ginoza, D.O. AR. 22. Therefore, this opinion, too, should be evaluated anew following remand of this matter. The Court also notes that the ALJ found that Dr. Ginoza's “treatment notes indicate he relied on the claimant’s subjective statements regarding how long he could sit, stand, or walk.” *Id*. (citing AR. 685). However, although the page cited reflects plaintiff’s subjective complaints, doctors routinely document patient’s subjective complaints (“S”), as well as objective observations (“O”), assessments (“A”) or diagnoses, and plans (“P”), the “SOAP” method. The ALJ has not cited anything in the record demonstrating that Dr. Ginoza relied heavily on plaintiff’s subjective complaints as opposed to on his own observations and other objective medical evidence. Therefore, the Court concludes that this finding, too, is not based on substantial evidence in the record as a whole. Finally, in regard to Dr. Ginoza's opinion, the ALJ finds that “some of his findings were based on an observation of ‘deconditioning,’ which cannot be the basis for limitations in the disability

evaluation." AR. 22-23 (internal citations to AR. 567, 686). However, the record demonstrates that his finding regarding balance was the only opinion that was based in part on deconditioning. This finding regarding balance appears to bear little relevance to Dr. Ginoza's other opinions. *See* AR. 567, 686.

For the reasons stated, the Court concludes that the ALJ erred when evaluating the medical evidence and relied on numerous findings that are not based on substantial evidence in the record as a whole. Therefore, this matter should be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

**(2) Whether the ALJ's finding that plaintiff can perform other work at step five is supported by substantial evidence.**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section I. Therefore, as a necessity, the step five finding will need to be assessed anew following remand of this matter.

## CONCLUSION

The ALJ relied on numerous findings that were general and were not based on substantial evidence in the record as a whole.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report

and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 15, 2017, as noted in the caption.

Dated this 22nd day of November, 2017.

J. Richard Creatura
United States Magistrate Judge